UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

KYLE M. FERGUSON,

        Plaintiff,        Case No. 2:20-cv-59

v.        Honorable Janet T. Neff

ALGER CORRECTIONAL FACILITY et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

**I.      Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Alger Correctional

Facility and MDOC Director Heidi Washington. Plaintiff also sues LMF employees Resident Unit Manager Unknown Hubble, Corrections Officer Unknown Bowerman, Sergeant Unknown Brinkman, Assistant Resident Unit Specialist Unknown Salo, and Grievance Coordinator J. Lancour.

Plaintiff alleges that on March 23, 2020, he approached Defendant Bowerman and informed her that he had a kite for a television. Defendant Bowerman stated that the kite needed to go to Defendant Solo. Plaintiff informed Defendant Bowerman that the kite should be given to Corrections Officer Dementor (not a defendant), but Defendant Bowerman allegedly "ripped the paper out of Plaintiff's hand causing a laceration." (Compl., ECF No. 1, PageID.4.) Plaintiff asked Defendant Bowerman for a bandage, but Defendant Bowerman used colorful language to reject Plaintiff's request.

Plaintiff filed a grievance against Defendant Bowerman for injuring him and for denying medical treatment for his injury—presumably because she refused to provide a bandage. Defendant Brinkman heard from Plaintiff on the grievance and spoke to Defendant Bowerman about the grievance and her conduct. Plaintiff alleges that upon learning of the grievance, Defendant Bowerman approached Plaintiff and stated, "[i]t would be in your best interest to sign off [on] the grievance." (*Id.*, PageID.5.) When Plaintiff asked if Defendant Bowerman had threatened him, she allegedly responded, "take it as you will." (*Id.*)

Following Plaintiff's interaction with Defendant Bowerman, he alleges that he was shaken down more frequently, his earbuds went missing and headphones were broken, and Defendant Bowerman gave Plaintiff "demeaning looks" or ignored Plaintiff. (*Id.*, PageID.6.) Plaintiff further alleges that Defendant Bowerman made several colorful comments, called Plaintiff names, and stared at Plaintiff.

Plaintiff alleges that he filed grievances with or sent letters and kites to Defendants Brinkman, Salo, Hubble, Lancour, and Washington reporting of his interactions with Defendant Bowerman.  Plaintiff alleges at least one Defendant told Plaintiff "to stop writing bullshit grievances."  (*Id.*, PageID.11.)  Plaintiff asserts that his grievances were denied and that his concerns were ignored.  His efforts to speak with the Michigan State Police were rebuffed.

Plaintiff alleges that Defendants violated his First, Eighth, and Fourteenth Amendment rights.  For relief, Plaintiff seeks declaratory and injunctive relief, as well as more than $175,000 in nominal, compensatory, and punitive damages.

## II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P.

8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Alger Correctional Facility

Plaintiff sues the Alger Correctional Facility. The Alger Correctional Facility is a prison facility operated by the MDOC; Alger Correctional Facility does not exist as a "person" or separate legal entity subject to suit under 42 U.S.C. § 1983. *See McIntosh v. Camp Brighton*, No. 14-cv-11327, 2014 WL 1584173, at *2 (E.D. Mich. Apr. 21, 2014) (listing cases establishing that a correctional facility or prison is not subject to suit under 42 U.S.C. § 1983). Accordingly, the Court will dismiss the Alger Correctional Facility from this action.

### IV. MDOC

Construing Plaintiff's complaint with all due liberality, *Haines*, 404 U.S. at 520, the Court assumes that Plaintiff intended to sue the MDOC. To the extent Plaintiff intended to sue the MDOC under § 1983, his claims fail. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984);

*Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See*, *e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010). In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison*, 722 F.3d at 771. Accordingly, any presumed claims against the MDOC fail.

**V.      Defendants Washington, Hubble, Brinkman, Salo, and Lacour**

Plaintiff alleges that he informed Defendants Washington, Hubble, Brinkman, Salo, and Lacour of Defendant Bowerman's conduct, and they failed to protect Plaintiff by not providing a "'risk free' environment." (Compl., ECF No. 1, PageID.12.)

**A.      Eighth Amendment**

To the extent Plaintiff alleges claims against Defendants Washington, Hubble, Brinkman, Salo, and Lacour under the Eighth Amendment for failing to provide protection, his claims fail. In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, a plaintiff must show that the prison official acted with "deliberate indifference" to

5

a substantial risk of serious harm facing the plaintiff. *Farmer,* 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Bishop v. Hackel*, 636 F.3d 757, 766-67 (6th Cir. 2011); *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Taylor v. Mich. Dep't of Corr.* 69 F.3d 76, 79 (6th Cir. 1995). Deliberate indifference is a higher standard than negligence and requires that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Bishop*, 636 F.3d at 766.

Plaintiff utterly fails to allege that Defendants were aware of any ongoing risk of serious harm. The only harm or risk of harm Plaintiff alleges occurred in March 2020 when he received what he referred to as a "paper cut." (Ex 1. Supp. Compl., ECF No. 1-2, PageID.24.) A single paper cut falls well short of the "serious harm" required to establish a claim under the Eighth Amendment. This is particularly true where the complaint omits any indicia that any harm was intended much less serious harm.

More to the point, Plaintiff's grievances, kites, and letters to Defendants Washington, Hubble, Brinkman, Solo, and Lacour complained of *past* harm. Plaintiff fails to allege that he warned prison officials of any prospective risk of harm, which may have obligated them to provide protection. Accordingly, Plaintiff's Eighth Amendment claims against Defendants Washington, Hubble, Brinkman, Salo, and Lacour will be dismissed.

### B. Respondeat Superior

Plaintiff fails to make any further specific factual allegations against Defendants Washington, Hubble, Brinkman, Salo, and Lacour, other than his allegations that they failed to conduct investigations in response to his grievances. Government officials may not be held liable

6

for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Washington, Hubble, Brinkman, Salo, and Lacour engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

## VI. Defendant Bowerman

Plaintiff alleges that Defendant Bowerman used excessive force in violation of the Eighth Amendment. Plaintiff also contends that Defendant Bowerman retaliated against Plaintiff, in violation of the First Amendment, after learning that Plaintiff had filed a grievance against her.

### A. Eighth Amendment

Plaintiff fails to state a claim that Defendant Bowerman used excessive force against him when she pulled the kite out of Plaintiff's hand causing a paper cut.

The Eighth Amendment prohibits the imposition of "cruel and unusual punishments" upon prisoners. U.S. Const. amend. VIII. But not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986). On occasion,

"[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law." *Combs*, 315 F.3d at 556 (citing *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995)). Prison officials nonetheless violate the Eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted); *Bailey v. Golladay*, 421 F. App'x. 579, 582 (6th Cir. 2011).

There is an objective component and a subjective component to an Eighth Amendment claim. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). First, "[t]he subjective component focuses on the state of mind of the prison officials." *Williams*, 631 F.3d at 383. We ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Second, "[t]he objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). This component requires a "contextual" investigation, one that is "responsive to 'contemporary standards of decency.'" *Hudson*, 503 U.S. at 8, (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Hudson*, 503 U.S. at 9. "Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Id.*

Here, Plaintiff's claim fails on both the subjective and the objective prongs. Because Plaintiff's allegations omit any indication that Defendant Bowerman "maliciously and sadistically" intended to cause Plaintiff harm when she took the kite from his hand, he cannot show Defendant Bowerman had the necessary state of mind. *See Hudson*, 503 U.S. at 7; *see also Parrish*, 800 F.2d at 604. Likewise, paper cuts are suffered by millions every day and, while uncomfortable, such minor injuries do not inflict pain "sufficiently serious" to justify an Eighth Amendment claim. *See Williams*, 631 F.3d at 383. Accordingly, the Court will dismiss Plaintiff's Eighth Amendment claim against Defendant Bowerman.

**B.     First Amendment**

Plaintiff's final claim alleges that Defendant Bowerman retaliated against him, in violation of the First Amendment, because after filing his grievance he was shaken down "more than usual," some of his possessions went missing or were damaged, and Defendant Bowerman made colorful comments about Plaintiff, gave Plaintiff looks, and ignored Plaintiff. (Compl., ECF No. 1, PageID.5-6.)

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

9

Plaintiff's allegations fail at the second and third steps. Filing a prison grievance is protected conduct. *See Smith*, 250 F.3d at 1037. However, Plaintiff has not stated any adverse action Defendant Bowerman has taken against him that would satisfy a retaliation claim, and Plaintiff cannot sufficiently allege that any adverse action was motivated by his filing of grievances.

The adverseness inquiry is an objective one and does not depend on how a particular plaintiff reacted. The relevant question is whether the defendants' conduct is "*capable* of deterring a person of ordinary firmness"; the plaintiff need not show actual deterrence. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) (emphasis in original). Plaintiff suggests that Defendant Bowerman may have threatened him when she allegedly told him that it would be in his best interest to sign off on his grievance. A specific threat of harm may satisfy the adverse-action requirement if it would deter a person of ordinary firmness from exercising his or her First Amendment rights, *see, e.g., Thaddeus-X*, 175 F.3d at 396, 398 (threat of physical harm); *Smith v. Yarrow*, 78 F. App'x 529, 542 (6th Cir. 2003) (threat to change drug test results). However, certain threats or deprivations are so *de minimis* that they do not rise to the level of being constitutional violations. *Thaddeus-X*, 175 F.3d at 398; *Smith*, 78 F. App'x at 542. Here, the putative threat is not specific in the least nor is there any indication that Plaintiff will suffer any detriment. The *Thaddeus-X* court held that minor harassment such as this is insufficient to constitute adverse action, because recognition of such a standard would "'trivialize the First Amendment.'" *Thaddeus* 175 F.3d at 398-99 (citing *Bart*, 677 F.2d at 625). For the same reason, any comments or looks that Defendant Bowerman may have made toward Plaintiff likewise fall short. Lastly, even if the Court were, for argument sake, to find that the alleged increase in shakedowns or loss

of headphones would deter a person of ordinary firmness from filing grievances, Plaintiff's reliance on these fails at the next step.

Plaintiff fails to assert that Defendant Bowerman played any role either in his shakedowns or his loss of his property. Put differently, Plaintiff has done nothing more than to speculate that Defendant Bowerman played a role in the conduct and that she was motivated to do so because he filed grievances against her. He simply offers a conclusory allegation that Defendant Bowerman retaliated against him. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555. Accordingly, the Court will dismiss Plaintiff's First Amendment retaliation claim against Defendant Bowerman.

## VII.    State Law Claims

Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). To the extent that Plaintiff's complaint presents allegations under state law, this Court declines to exercise jurisdiction. The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp.*, *Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *2 (6th Cir. June 18, 1998). Accordingly, Plaintiff's state law claims will be dismissed without prejudice.

### **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C.

11

§ 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  The Court does not certify that an appeal would not be in good faith.

Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   May 27, 2020                            /s/ Janet T. Neff
                                                 Janet T. Neff
                                                 United States District Judge